# In the United States Court of Federal Claims

No. 26-844
Filed: August 21, 2026

| | |
|---|---|
| KIMBERLY CLISBEE, | ) |
| *Plaintiff*, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| *Defendant*. | ) |

**<u>OPINION AND ORDER</u>**

Kimberly Clisbee, proceeding pro se, seeks damages for a series of alleged wrongs she attributes to various individuals, governments, and private groups. While she invokes multiple statutes and constitutional provisions to support her claims, none provides this court with jurisdiction to hear her claims. Because this court lacks subject-matter jurisdiction, the court grants the Government's motion to dismiss.

## I. Background

Plaintiff's complaint is difficult to decipher, but—as far as the court can discern—Plaintiff alleges that various individuals and government entities conspired to deny her daughter certain medical care. ECF No. 1 at 5–6.[1] The denial of this case, according to Plaintiff, will result in her daughter's death. *Id.* According to Plaintiff, these people and entities have denied medical care to hide their crimes. *Id.* For relief, Plaintiff seeks either one or two billion dollars, *compare id*. at 3 (seeking one billion dollars) *with id*. at 19 (seeking two billion dollars); new social security numbers for Plaintiff, her daughter, and her daughter's father, *id*. at 3; Defendants sent to "Federal Criminal court," *id*.; and labeling the Alliance Defending Freedom a domestic terrorist organization and removed from government, *id*.

The Government moves to dismiss the complaint for lack of subject-matter jurisdiction, arguing that Plaintiff's claims are entirely outside this court's jurisdiction. ECF No. 8. Plaintiff opposes dismissal. ECF No. 9. Because the United States did not file a reply in support of its motion to dismiss, Plaintiff contends that she is entitled to default judgment. ECF No. 11.

[1] Because the complaint does not have consecutive pagination, the court cites to the ECF Header pagination to avoid confusion.

## II. Jurisdiction and Standard of Review

"Subject matter jurisdiction is a threshold requirement for a court's power to exercise jurisdiction over a case[.]" *Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1348 (Fed. Cir. 2010). Under the Tucker Act, this court has authority to hear "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Tucker Act jurisdiction requires (1) a separate money-mandating statute that supports any claims of monetary damages against the United States and (2) a plaintiff that alleges he or she falls "within the class of plaintiffs entitled to relief." *Antonellis v. United States*, 106 Fed. Cl. 112, 114–15 (2012), *aff'd*, 723 F.3d 1328, 1331 (Fed. Cir. 2013) (noting that Tucker Act jurisdiction is a waiver of sovereign immunity). For Tucker Act jurisdiction, a plaintiff "must demonstrate that the source of substantive law he [or she] relies upon 'can fairly be interpreted as mandating compensation by the Federal Government'" for any sustained damage. *United States v. Mitchell*, 463 U.S. 206, 216–17 (1983) (quoting *United States v. Testan*, 424 U.S. 392, 400 (1976)).

"A challenge to the Court's subject-matter jurisdiction over all or part of the claims asserted in a complaint is properly raised by motion under Rule 12(b)(1)." *Smith v. United States*, 158 Fed. Cl. 520, 524 (2022) (emphasis added). When deciding a motion under Rule of the Court of Federal Claims ("RCFC") 12(b)(1), this court "accepts as true all uncontroverted factual allegations in the complaint, construing them in the light most favorable to the plaintiff." *Fletcher v. United States*, 26 F.4th 1314, 1321 (Fed. Cir. 2022) (citing *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014)). "The plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence." *Id*. (citing *Hopi Tribe v. United States*, 782 F.3d 662, 666 (Fed. Cir. 2015)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3); *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

The court holds a pro se complaint to "less stringent standards" than those brought by counsel. *Estell v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). But that lenience does not relieve a pro se plaintiff from her burden to establish this court's jurisdiction. *See Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("We agree that leniency with respect to mere formalities should be extended to a pro se party, . . . [h]owever, . . . a court may not similarly take a liberal view of that jurisdictional requirement and set a different rule for pro se litigants only.").

## III. Discussion

### A. Plaintiff's motion for a default judgment is without merit.

Because the Government did not file a reply brief in support of its motion to dismiss, Plaintiff contends that she is entitled to a default judgment. *See* ECF No. 11 at 2. Plaintiff misunderstands default judgments, which require a two-step process. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend,

and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." RCFC 55(a). If there is a default, Plaintiff would then have to apply to the court to enter a default judgment. RCFC 55(b)(2). Plaintiff's motion fails on step one. The United States has appeared and moved to dismiss this case for lack of subject-matter jurisdiction, ECF No. 8, which precludes default.

Although Plaintiff styles her motion as one for default judgment, it appears that what she is arguing is that the Government's lack of a reply concedes that this court has jurisdiction: "The defense could not respond to my objection because all that I stated was the truth and would perjure itself." ECF No. 11 at 2. This argument misunderstands subject-matter jurisdiction.[2] The court must assure itself of its subject-matter jurisdiction because "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)). In fact, a challenge to the court's subject-matter jurisdiction "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh*, 546 U.S. at 506. And the parties cannot create jurisdiction by failing to argue it, nor may a party waive an objection to the court's subject-matter jurisdiction. *Henderson*, 562 U.S. at 435 ("Indeed, a party may raise such an objection even if the party had previously acknowledged the trial court's jurisdiction.") (citing *Arbaugh*, 546 U.S. at 508). As a result, even if the court construes Plaintiff's motion as asserting a waiver of the jurisdictional argument, her motion still fails. The question before the court is whether Plaintiff has carried *her* burden of establishing this court's jurisdiction, not whether the Government has sufficiently responded to her arguments.

Because the United States has appeared to defend this action, the court denies Plaintiff's motion for default judgment.

**B. To the extent that Plaintiff seeks to disqualify Government counsel, her motion is denied.**

Before turning to the merits, Plaintiff seeks to disqualify DOJ Counsel. ECF No. 9 at 8–11.[3] It is difficult to discern what Plaintiff believes that DOJ Counsel has done to warrant disqualification in this case. That said, Plaintiff is extraordinarily angry that DOJ Counsel is representing the United States in this case.[4]

As far as the court can figure out, Plaintiff's only complaint against DOJ Counsel stems from DOJ Counsel's prior representation of the Government in a case that Plaintiff brought

[2] Plaintiff also appears to misunderstand the current posture of this case. The court is addressing a motion to dismiss, not the merits of the case. If the court were to conclude that it has jurisdiction over this case, then this case would move on to discovery, not final judgment.

[3] Because this document does not have consistent page numbering, the court cites to the pagination in the ECF Header.

[4] As explained in detail below, Plaintiff makes, and admits to having made, various threats of physical violence against DOJ Counsel (and others).

before this court. Plaintiff brought her first case in this court in 2024, which Judge Silfen dismissed sua sponte for lack of subject-matter jurisdiction before counsel for the United States entered an appearance. *See Clisbee v. United States*, 172 Fed. Cl. 143 (2024). Judge Silfen explained that this court lacks subject-matter jurisdiction to hear (1) claims against any individual or government other than the United States, (2) tort claims, and (3) claims under the Social Security Act. *Id.* at 147–49.

After Plaintiff withdrew her appeal of that dismissal, she filed another complaint in this court that was assigned to Senior Judge Bruggink. *See Clisbee v. United States*, Case No. 24-1135 (filed July 25, 2024). It was this case in which DOJ Counsel appeared and filed a motion to dismiss, arguing many of the same things that Judge Silfen already explained—such as this court lacking subject-matter jurisdiction over claims against parties other than the United States, tort claims, criminal claims, and claims based on provisions of law that are not money-mandating. Case No. 24-1135, Dkt. No. 5. These statements of this court's subject-matter jurisdiction were undeniably correct, and Judge Bruggink dismissed the complaint. There is nothing disqualifying about DOJ Counsel raising arguments about this court's subject-matter jurisdiction in a prior case.

Because there is no non-frivolous argument that could justify disqualification of DOJ Counsel, Plaintiff's motion to disqualify DOJ Counsel is denied.

### C. This court lacks jurisdiction over Plaintiff's complaint.

Nothing in Plaintiff's complaint is within this court's jurisdiction. First, Plaintiff names multiple individuals and organizations that she believes have caused her and her family harm. *E.g.*, ECF No. 1 at 5–6, 17–18; ECF No. 1-1 (more than one hundred pages of internet searches about groups and individuals); ECF No. 9 at 3–4, 6, 9–11, 13–14. Plaintiff is not terribly precise in this regard; the list of individuals, groups, federal agencies and officials, judges, and state and local governments that Plaintiff seeks to sue varies depending on where in the complaint or response to the motion to dismiss she decides to recite the list. In the end, the identities of the individuals are immaterial to the jurisdictional issue because this court only has jurisdiction to hear claims against the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941). As a result, "if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." *Sherwood*, 312 U.S. at 588. The court thus dismisses the complaint as to all defendants other than the United States.

Second, Plaintiff asserts multiple tort claims, including fraud, ECF No. 1 at 6, 13–14; retaliation, *id*. at 6; and gross negligence, *id*. at 7–8. This court's jurisdiction is limited to claims against the United States "not sounding in tort." 28 U.S.C. § 1491(a)(1); *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("The plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction claims sounding in tort."). This court also lacks jurisdiction under the Federal Tort Claims Act, which provides that district courts, not this court, have jurisdiction over tort claims against the United States. 28 U.S.C. § 1346(b)(1); *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010). Therefore, the court grants the Government's motion to dismiss insofar as it seeks dismissal of tort claims.

Third, Plaintiff's reliance on the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, is misplaced because that statute does not provide this court with jurisdiction. As the Federal Circuit explained, "no APA review is available in the Court of Federal Claims." *Lion Raisins, Inc. v. United States*, 416 F.3d 1356, 1370 n.11 (Fed. Cir. 2005) (citing *Crocker v. United States*, 125 F.3d 1475, 1476 (Fed. Cir. 1997)). Thus, the court grants the motion to dismiss APA claims.

Fourth, this court lacks jurisdiction over any claim under the criminal laws of the United States. *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994). As a result, this court cannot hear Plaintiff's allegations of criminal misconduct, which include genocide under 18 U.S.C. § 1091, ECF No. 1 at 5; conflict of interest offenses under 18 U.S.C. §§ 205, 208, ECF No. 1 at 10; conspiracy to defraud the United States under 18 U.S.C. § 371, ECF No. 1 at 11; and the Racketeer Influenced and Corrupt Organizations Act ("RICO"),[5] 18 U.S.C. §§ 1961-68, ECF No. 1 at 12.

Fifth, the civil rights statutes, 42 U.S.C. §§ 1983 and 1985, upon which Plaintiff relies do not provide this court with jurisdiction either. Like the APA and FTCA, Congress vested the district courts with jurisdiction to hear cases under these statutes. 42 U.S.C. § 1988(a). When Congress vests jurisdiction in the district courts, this Court "lacks subject matter jurisdiction over" such claims because "[t]he Court of Federal Claims is not a district court of the United States." *Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002). All claims under 42 U.S.C. §§ 1983 and 1985 are consequently dismissed.

The same is true of Plaintiff's claims under the Peonage Abolition Act of 1867, 14 Stat. 546 (Mar. 2, 1867). That statute contains two parts. First, it abolished all forms of peonage in the United States. This part of the statute is codified today at 42 U.S.C. § 1994 and is among the civil rights claims that Congress vested in the district courts' jurisdiction. Second, the statute created certain criminal offenses related to peonage. As explained above, this court lacks jurisdiction to hear such criminal matters.

Sixth, neither the Thirteenth nor Fourteenth Amendments to the United States Constitution provide this court jurisdiction to hear Plaintiff's claims. Because Plaintiff's claim under the Thirteenth Amendment does not present a contractual claim, this court lacks jurisdiction to hear it. *Smith v. United States*, 36 F. App'x 444, 446 (Fed. Cir. 2002) (per curiam) (citing *Carter v. United States*, 228 Ct. Cl. 898, 900 (Ct. Cl. 1981)). Similarly, Plaintiff's claims under the due process, equal protection, and privileges or immunities clauses of the Fourteenth Amendment all fail because none are money-mandating provisions of law. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that due process and equal protection claims

---

[5] While it appears clear that Plaintiff is seeking to pursue a criminal action, RICO also provides a private right of action for civil violations. Even if Plaintiff is trying to pursue such a civil action, the outcome is the same because RICO vests jurisdiction to hear such cases in the district courts. 18 U.S.C. § 1964(c) (providing that a person may bring a civil RICO claim "in any appropriate United States district court").

are not money mandating); *May v. United States*, 534 F. App'x 930, 933 (Fed. Cir. 2013) (per curiam) (no jurisdiction under the Privileges and Immunities Clause).[6]

Seventh, Plaintiff's reliance on the National Research Act of 1974 and regulations adopted pursuant to it, *e.g.*, 45 C.F.R. Part 46, fail because these are not money-mandating sources of law. E.g., *Robinett v. United States*, 1995 WL 473105, at *2 (Fed. Cir. 1995) (citing *Crane v. Conoco, Inc.*, 41 F.3d 547, 553 (9th Cir. 1994)) (holding that there is no private action for damages under 45 C.F.R. Part 46). Similarly, nothing in the statute can reasonably be interpreted as requiring the United States to pay damages in the event of a violation, meaning that it does not support jurisdiction in this court. *Mitchell*, 463 U.S. at 216–17.

Finally, Plaintiff's reliance on the proposed Medicare Fraud Detection and Deterrence Act of 2025, H.R. 1784, 119th Cong. (2025), fails for several reasons. Most importantly, Congress has not passed this bill, meaning that it does not have the force of law. U.S. Const. art. I, § 7 ("Every Bill which shall have passed the House of Representatives and the Senate, shall, before it become a Law, be presented to the President of the United States; If he approve he shall sign it, but if not he shall return it, with his Objections to that House in which it shall have originated, who shall enter the Objections at large on their Journal, and proceed to reconsider it."). Because it is not a law, it cannot be a money-mandating source of law. Nor is there any indication that the United States would be required to pay damages in the event of a violation even if the bill were passed.

Nothing in Plaintiff's response changes the outcome of this motion. In fact, Plaintiff does not attempt to address this court's jurisdiction, she simply reasserts and expands upon her grievances and makes threats of violence. Whatever lenience the court provides to a pro se plaintiff does not justify Plaintiff's response to the Government's motion to dismiss. To be clear, the court is not referring to the over-the-top language Plaintiff employs throughout her filings, like calling people "Nazis" or accusing people of murder and genocide (although these arguments are not helpful to Plaintiff's cause). The court is referring to threats and thinly veiled threats of violence, some of which are below.

- Plaintiff opens her response to the motion to dismiss by with an attack on DOJ Counsel that concludes "the only reason she is still breathing is because I still have an opportunity for justice and for her to be tried infront [sic] of a jury." ECF No. 9 at 3.

- Referring to certain care management officials: "I would beat the sh** out of them and tell them I hope their kids are abducted and trafficked for what the CM system did to my child."[7] *Id*. at 10.

---

[6] The Fourteenth Amendment applies to the states, not the United States. As a result, the Privileges or Immunities Clause applies to the states. Because Article IV's Privileges and Immunities Clause applies to the United States, the court understands Plaintiff to bring an Article IV claim.

[7] Plaintiff's response does not censor this language.

- "I have already called her [DOJ Counsel] and screamed and threatened her because just seeing her name gives me PTSD. . . . [T]here is no word I cant [sic] and wont [sic] say to her and want more than anything to git [sic] her for killing my child and she knows this because I call her phone every time I am retaliated against and yell at her for her crimes." *Id*. at 12.

- "So she [DOJ Counsel] is going to take this opportunity to inflict more harm which she already has. I can barley [sic] breath I must have called this monster 12 times. And before she tells you I told her multiple times I wishes [sic] she would die because I do. She is helping these monsters oppress us of our rights and kill my child. I hope she dies the most painful death someone could." *Id*. at 12.

- "[DOJ Counsel] is lucky I am not any other American parent because they would have torn her apart for killing their child using fraud and they would be in their legal right." *Id*. at 13.

While such rhetoric may be all too common in social media discourse today, it is wholly inappropriate in filings in this court and "an affront to the dignity of these proceedings." *Harvey v. United States*, No. 25-742, 2025 WL 2630252, at *7 (Fed. Cl. Sept. 11, 2025), appeal dismissed, No. 2025-2143, 2026 WL 821835 (Fed. Cir. Mar. 3, 2026). Plaintiff's response calls into question whether she filed it for an "improper purpose, such as to harass" the people that Plaintiff lashes out at and threatens in her response. RCFC 11(b). Again, Plaintiff's response to the motion to dismiss does not address this court's jurisdiction even once. In the section titled "Jurisdiction," Plaintiff does not address the court's jurisdiction, but rather launches into another round of attacks on various officials she claims are Nazis and committing treason. ECF No. 9 at 8. While the court does not consider sanctions at this time, if Plaintiff persists in such conduct, the court will consider imposing appropriate sanctions.

## IV. Conclusion

For these reasons, the court **DENIES** Plaintiff's motion for default judgement, ECF No. 11, and **GRANTS** the United States's motion to dismiss for lack of subject-matter jurisdiction, ECF No. 8. The Clerk's Office is directed to enter judgment accordingly.

It is so ORDERED.

s/ Edward H. Meyers
Edward H. Meyers
Judge